**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NA'EEM BETZ**
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

**PLAINTIFF / PRO SE**

v.

**PRESS GANEY ASSOCIATES, LLC.**
404 COLUMBIA PLACE
SOUTH BEND, INDIANA, 46601

**DEFENDANTS / RESPONDANTS**

**VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**

**JURY TRIAL DEMANDED**
**12 JURORS**

Case: 1:20-cv-02483 JURY DEMAND
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/31/2020
Description: Pro Se Gen. Civ. (F-DECK)

**COMES NOW,** the Plaintiff(s) Na'eem Betz complaining of the Defendant(s) and as follows;

I.                    **VERIFIED COMPLAINT**

**NATURE OF ACTION**

1. Plaintiff(s), Na'eem Betz, individually, hereby sues Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") for new violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et* seq.

**ORIGINAL VERIFIED COMPLAINT**
**~ 1 ~**

**II.**                           **PRELIMINARY STATEMENT**

2. This is an action for damages and injunctive relief brought by Plaintiff(s) Na'eem Betz against Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") for violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(c)(5).

3. Upon belief and information, Plaintiff(s) contends that many of these practices are widespread for the Defendant(s). Plaintiff(s) Na'eem Betz intends to propound discovery to Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") identifying all telephone numbers used / number of times called in placing or making telephone calls to consumers like Plaintiff Na'eem Betz cellular telephone in direct violation of (TCPA) 47 USC § 227(c)(5), (FTC) National Do Not Call Registry.

4. Plaintiff(s) contends that the Defendant(s) have violated such laws by repeatedly harassing Plaintiff(s) by calling his wireless telephone number ending in 8063 which is registered on the (FTC) National Do Not Call Registry since April 22, 2012. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

**III.**                           **JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental

**ORIGINAL VERIFIED COMPLAINT**
**~ 2 ~**

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

**IV.**                                          **PARTIES**

7. Plaintiff(s), Na'eem Betz, is a natural person and is a resident of Washington, D.C. or Washington, District of Columbia which is the Federal District Capital of the United States of America.

8. Upon information and belief Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") located at: 404 Columbia Place South Bend, Indiana, 46601. Upon information and belief Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") Press Ganey's services offer its customers and integrated solution to collect and analyze patient, workforce member, and customer feedback. As part of our services, our customers (typically either your health care provider, employer, or other company that is Press Ganey's direct customer) may share your information with us for Press Ganey to contact you about your experiences. When we are collecting information from you on behalf of our customers, we will only collect, use, and otherwise process your personal information as directed by our customers. Accordingly, this Privacy Policy does not apply to the extent we process Personal Data in the role of a data processor on behalf of our customers.

**ORIGINAL VERIFIED COMPLAINT**
**~ 3 ~**

9. Upon information and belief Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") To this end, if you have received a survey from Press Ganey on behalf of your health care provider, employer, or other company that is Press Ganey's direct customer, this Privacy Policy does not apply to your information. For detailed privacy information related to when we process your information on behalf of a Press Ganey customer, or if you need to access or delete any personal data we may have collected from you as permitted by applicable law, please reach out to the respective customer directly. If you are unsure what customer directed us to collect information on their behalf from you, please consult the survey invitation you received that directed you to our services. We are not responsible for the privacy or data security practices of our customers, which may differ from those set forth in this Privacy Policy. For more information, please also see Section 4 below.

10. Upon information and belief Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") We may use the information we have collected from you to enable us to display advertisements to our advertisers' target audiences. Even though we do not disclose your Personal Data for these purposes without your consent, if you click on or otherwise interact with an advertisement, the advertiser may assume that you meet its target criteria. Sharing with Third Parties. We do not share, sell, or otherwise disclose your Personal Data for purposes other than those outlined in this Privacy Policy. However, we may disclose aggregated information about our users, and information that does not identify any individual, without restriction. We may disclose Personal Data that we collect or you provide as described in this privacy policy:

• to contractors, service providers, and other third parties we use to support our business. These entities provide IT, marketing, and infrastructure support services;

**ORIGINAL VERIFIED COMPLAINT**
**~ 4 ~**

- to a buyer or other successor in the event of a merger, divestiture, restructuring, reorganization, dissolution, or other sale or transfer of some or all of Press Ganey's assets, whether as a going concern or as part of bankruptcy, liquidation, or similar proceeding, in which Personal Data held by Press Ganey about our Site's users is among the assets transferred;

- to fulfill the purpose for which you provide it;

- for any other purpose disclosed by us when you provide the information; and

- with your consent.

We may also disclose your Personal Data: to comply with any court order, law, or legal process, including to respond to any government or regulatory request; to enforce or apply our terms of use and other agreements, including for billing and collection purposes; and

if we believe disclosure is necessary or appropriate to protect the rights, property, or safety of Press Ganey, our customers, or others.

11. Upon information and belief Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") Access To Your Information And Choices; You can review and change your Personal Data by notifying us through the contact information below, or through the live chat feature of our Site, of any changes or errors in any Personal Data we have about you to ensure that it is complete, accurate, and as current as possible or to delete your account. We cannot delete your personal information except by also deleting your account with us. We may also not be able to accommodate your request if we believe it would violate any law or legal requirement or cause the information to be incorrect.

**ORIGINAL VERIFIED COMPLAINT**
**~ 5 ~**

In addition, we strive to provide you with choices regarding the Personal Data you provide to us. We have created mechanisms to provide you with control over your Personal Data:

- Promotional Offers. If you do not wish to have your email address used by Press Ganey to promote our own products and services, you can opt-out at any time by clicking the unsubscribe link at the bottom of any email or other marketing communications you receive from us or by contacting us using the contact information below.

- Tracking Technologies and Advertising. We also may use automated data collection technologies to collect information about your online activities over time. Some web browsers permit you to broadcast a signal to websites and online services indicating a preference that they "do not track" your online activities. At this time, we do not honor such signals and we do not modify what information we collect or how we use that information based upon whether such a signal is broadcast or received by us.  However, you can set your browser to refuse all or some browser cookies, or to alert you when cookies are being sent. If you disable or refuse cookies, please note that some parts of this site may then be inaccessible or not function properly.

As described above, we may also process Personal Data submitted by or for a customer to our cloud products and services. To this end, if not stated otherwise in this Privacy Policy or in a separate disclosure, we process such Personal Data in the role of a mere processor on behalf of a customer (and/or its affiliates) who is the responsible controller of the Personal Data concerned. We are not responsible for and have no control over the privacy and data security practices of our customers, which may differ from those set forth in this Privacy Policy. If your data has been submitted to us by or on behalf a Press Ganey customer and you wish to exercise any rights you

**ORIGINAL VERIFIED COMPLAINT**

~ 6 ~

may have under applicable data protection laws, please inquire with the applicable customer directly. Because we may only access a customer's data upon instruction from that customer, if you wish to make your request directly to us, please provide to us the name of the Press Ganey customer who submitted your data to us. We will refer your request to that customer, and will support them as needed in responding to your request within a reasonable timeframe.

We do not control the collection and use of your information collected by third parties described above in Section 3. When possible, these organizations are under contractual obligations to use this data only for providing the services to us and to maintain this information strictly confidential. These third parties may, however, aggregate the information they collect with information from their other customers for their own purposes.

## V.                    **LEGAL BASIS FOR THE CLAIMS**

12. The Federal Communications Commission plays a crucial role in helping consumers stop unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC provides clarity on the law, sets rules, takes enforcement actions, and provides resources for consumers.



Federal
Communications
Commission

Consumer Help Center

Rules and Resources for Dealing with Unwanted Calls and Texts

Consumers can take back their permission to be called or texted in any reasonable way. A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.

**ORIGINAL VERIFIED COMPLAINT**
~ 7 ~

*"See Attached Exhibit C – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

13. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for ($500) or the actual monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for each willful or knowing violation, as well as injunctive relief.

14. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

15. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software

**ORIGINAL VERIFIED COMPLAINT**

**~ 8 ~**

that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually...using those functionalities to place calls" at the time.

Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

16. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

17. Furthermore, the TCPA established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive

**ORIGINAL VERIFIED COMPLAINT**
~ **9** ~

telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

18. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012). Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity. In interpreting the TCPA, it should be borne in mind that "[t]he TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 271 (3d Cir. 2013),citing S. Rep. 102-178, at 5 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1972. The TCPA provides a private right of action for injunctive relief and damages. Id. § 227(b)(3). A text message to a cell phone is a "call" for purposes of the TCPA. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016).

## VI.               **FACTUAL ALLEGATIONS**

19. On the date of July 10th, July 20th, 2020. Defendant(s) Press Ganey Associates LLC., *et al*., d/b/a/ ("Press Ganey") violated the TCPA by calling Plaintiff(s) Na'eem Betz cell phone 202-

**ORIGINAL VERIFIED COMPLAINT**
**~ 10 ~**

XXX-8063, "numerous" times from the telephone number (574) 309-9553. Defendant(s) Press

Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") has demonstrated willful or knowing

noncompliance with 47 USC § 227(c)(5) by calling Plaintiff(s) Na'eem Betz wireless telephone

number 202-XXX-8063 "numerous" times which is registered on the National Do Not Call

Registry (DNC) since April 22, 2012. Plaintiff(s) number, which is assigned to a cellular

telephone service and is charged for monthly telephone usage and other communication services.

These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct

invasion of privacy to Plaintiff(s) Na'eem Betz. The Defendant(s) actions caused lost time,

aggravation, and continued distress. Plaintiff(s) discovered after calling (574) 309-9553 and

listening to the recorded message by ("Press Ganey") stating the calls are related to health care

surveys. Plaintiff never authorized any medical surveys for promotional offers or tracking

technologies, advertising calls to Plaintiff cell phone without his verbal or express written consent.

Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") never was given verbal, text, email or

express written consent for any surveys whether medical or other advertisements or promotional

offers. Plaintiff demands strict proof to the contrary of these false and deceptive statements

regarding an alleged inquiry for services. Again, Press Ganey Associates LLC., et al., d/b/a/

("Press Ganey") never scrubbed again Plaintiff(s) wireless telephone against the National Do-Not-

Call List or Registry after placing new unwanted cellular telephone calls.

A text message to a cell phone is a "call" for purposes of the TCPA. Campbell-Ewald Co. v.

Gomez, 136 S. Ct. 663, 667 (2016).

20. Plaintiff Na'eem Betz is the regular carrier and private user of the cellular telephone

assigned the number ending in 8063. These calls caused emotional damage, extra electricity usage,

extra battery usage and were a direct invasion of privacy to Plaintiff(s) Na'eem Betz by making

**ORIGINAL VERIFIED COMPLAINT**
**~ 11 ~**

1   the telephone calls at issue in this Original Verified Complaint, Defendant(s) caused consumer

2   Plaintiff(s) Na'eem Betz actual harm, including the aggravation, nuisance, and invasion of privacy

3   that directly accompanies the receipt of unsolicited and harassing cellular telephone calls.

4   Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C.

5   § 227(b)(1)(A)(i). Plaintiff(s) Na'eem Betz did not provide Defendant(s) with prior express written

6   consent or prior express consent to place calls to his cellular telephone.

7   "*See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade*

8   *Commission Verify@donotcall.gov to Plaintiff(s) Na'eem Betz confirming cellular telephone*

9   *registry on the (FTC)(FCC)) National Do Not Call Registry on a number ending in 8063 on*

10  *April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from*

11  *Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") "See Attached Exhibit*

12  *C - (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights:*

13  *The Rules on Robocalls and Robotexts".*

14      21. Upon information and belief the Defendant(s) never scrubbed Plaintiff(s) wireless telephone

15  against the TCPA established National Do-Not-Call List which also mandates all businesses that

16  place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R.

17  § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made

18  by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its

19  IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those

20  individuals' phone numbers are not on the National Do-Not-Call Registry. Id.

21  At §64.1200(d)(3)(6). The called party is then entitled to bring a private action under the TCPA

22  for monetary and injunctive relief.

**ORIGINAL VERIFIED COMPLAINT**
**~ 12 ~**

22. Upon and information and belief the Defendant(s) willfully and knowingly called Plaintiff(s) wireless phone "numerous" times from telephone numbers (574) 309-9553 while never leaving voicemail messages identifying the true nature of these illegal telephone calls.

23. Telemarketing Calls to "Do-Not-Call"…"DNC" Numbers Prohibited – 47 USC 227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls.

24. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited. The best part about DNC violations from the consumer perspective is that the Sixth Circuit Court of Appeals has held that damages under this section may be stacked on top of the TCPA 227(b) section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per call for violations of the cell phone prohibitions and the DNC provisions. Charvat v NMP, LLC, 656 F. 3d 440 (6th Cir. 2011).

25. TCPA Damages: According to the TCPA, as codified in 47 U.S.C. § 227, an individual or entity has a private right of action to bring an action based on a violation of a subsection of the Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone / wireless telephone). An individual or entity may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00 for each such violation, whichever is greater, or for both injunction and damages. If the court finds that the defendant willfully or knowingly violated the regulations under the TCPA, the court may,

**ORIGINAL VERIFIED COMPLAINT**
~ **13** ~

in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of the statutory compensatory damages above.

26. The body of case law addressing the available damages for a Plaintiff(s) suing under a TCPA private right of action reflects the general rule that where the court finds that the defendant caller has violated a subsection of the Act, it will at least award to the Plaintiff $500 per violation as required by the Act.

27. Furthermore, when the facts of the specific case rise to the level of showing a knowing or willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award exemplary or treble damages that may be as much as three times the damages award. In determining willfulness, the court looks at whether the defendant's actions show its knowledge of the facts that constitute the offense (knowing); at the prior interactions between the Plaintiff(s) and the Defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the TCPA.

28. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 U.S.C. § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the TCPA falls under.

(f) "Willful" and "repeated" defined

For purposes of this section:

(1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

**ORIGINAL VERIFIED COMPLAINT**
**~ 14 ~**

(2) The term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

29. Courts may treble the damages award if the court finds that Defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§ 227(b)(3).

30. The TCPA defines an ATDS as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "TCPA's use of `capacity' does not exempt equipment that lacks the `present ability' to dial randomly or sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities." See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order").

31. The list of the several "INCOMING" Cellular Telephone Calls placed by the Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") .

**ORIGINAL VERIFIED COMPLAINT**
**~ 15 ~**

1        1. Call and Voice Message on Tuesday 07/10/2020 10:29AM from 1-574-309-9553

2        2. Call and Voice Message on Friday 07/20/2020 9:43AM from 1-574-309-9553

3

*Calling a consumer who has asked not to be called potentially exposes a seller and telemarketer*

4 *to a civil penalty of $16,000 ($40,000 beginning 08/01/16) per violation. Violators will be subject*

5 *to civil penalties of up to $16,000 ($40,000 beginning 08/01/16) per violation, as well as*

6 *injunctive remedies.*

7

**VII.**                        **COUNT I**

8            **THE TELEPHONE CONSUMER PROTECTION ACT**

                 **VIOLATIONS OF 47 U.S.C.§227(c)(5)**

9   **FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

10

     32. Plaintiff(s) alleges and incorporates the information in paragraphs 1 through 43.

11

12      33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(c)(5)

13 by calling Plaintiff(s) Na'eem Betz wireless telephone number 202-XXX-8063 that has been

14 placed on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff(s) number,

15 which is assigned to a cellular telephone service. Plaintiff(s) Na'eem Betz has never consented

16 verbally or in writing to receive telephone calls from the Defendant(s) Press Ganey Associates

17 LLC., et al., d/b/a/ ("Press Ganey") . The DNC provision is a powerful section of the TCPA

18 because it prohibits calls to both cell phone and residential lines, which are registered on the

19

20 Federal or company specific Do-Not Call lists. It is not necessary to prove the telemarketer used

21 an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the

22 DNC are prohibited.

23

24      34. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade*

25 *Commission Verify@donotcall.gov to Plaintiff(s) Na'eem Betz confirming cellular telephone*

26 *registry on the (FTC)(FCC) National Do Not Call Registry on a number ending in 8063 on*

27

28

*April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from*

*Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") "See Attached Exhibit*

*C – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights:*

*The Rules on Robocalls and Robotexts."*

Consent or permission must be evidenced by a registrant's signed, written agreement to be

contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the

telephone number to which the calls may be placed. Id.

35. A person whose number is on the Registry and has received more than one telephone

solicitation within any twelve-month period by or on behalf of the same entity in violation of the

TCPA can sue the violator and seek the same statutory damages available under § 227(b) – the

greater of actual damages or $500, a figure that may be trebled for willful or knowing violations.

47 U.S.C. § 227(c)(5).

36. Each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the

actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not

Call Registry. The TCPA imposes liability on entities that do not directly place illegal calls. It has

long been the law that a seller of goods or services can be liable for TCPA violations even if the

seller does not directly place or initiate the calls. As explained by the FCC, the TCPA and its

regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate

responsibility for any violations."

37. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,

Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The FCC reiterated this principle in

2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the

**ORIGINAL VERIFIED COMPLAINT**
**~ 17 ~**

responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

38. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

39. Violation of § 227(c) for calls placed to numbers listed on the FCC - National Do Not Call Registry, each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the (FTC) FCC - National Do Not Call Registry.

40. Defendant(s) has committed "numerous" separate violations of 47 USC § 227(c) and Plaintiff(s) is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47 U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-43 constitute violations of section 47 U.S.C. § 227(c)(5).

41. The frequency of this unauthorized cellular telephone calls have facial plausibility that Plaintiff(s) Na'eem Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press

**ORIGINAL VERIFIED COMPLAINT**
**~ 18 ~**

Ganey") is liable for their *unlawful* conduct and behavior. Assuming the truth of Plaintiff(s)

factual allegations, the Court will find all claims to be facially plausible.

**IV.**            **PRAYER FOR RELIEF**

42. **WHEREFORE,** Plaintiff Na'eem Betz demands judgment for monetary damages against

the Defendant(s) Press Ganey Associates LLC., et al., d/b/a/ ("Press Ganey") eleven thousand

dollars for actual or statutory damages, punitive damages, attorney's fees and costs and further

relief as the Court deems just and proper.

**X.**            **DEMAND FOR JURY TRIAL**

43. Plaintiff(s) hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 28th day of August 2020.


**XI.**     **VERIFICATION OF COMPLAINT AND CERTIFICATION**

**(DISRTICT OF COLUMBIA)**

Plaintiff(s), Na'eem Betz, states as follows:

I am the Plaintiff(s) in this Federal Civil proceeding.

I believe that this Original Verified Complaint is well grounded in fact and warranted by

existing law or by a good faith argument for the extension, modification or reversal of existing

law. I believe that this Original Verified Complaint is not interposed for any improper purpose,

such as to harass any Defendant(s) cause unnecessary delay to any Defendant(s), or create a

needless increase in the cost of litigation to any Defendant(s), named in the Original Verified

Complaint. I have filed this Original Verified Complaint in good faith and solely for the purposes

set forth in it. Each and every exhibit I have provided which has been attached to this Original

**ORIGINAL VERIFIED COMPLAINT**

**~ 19 ~**

Verified Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff(s) Na'eem Betz where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Na'eem Betz, hereby declare (or certify, verify or state) under penalty of perjury that under the laws of the United States of America that the foregoing is true and correct. Executed on August 28th, 2020.

*Na'eem Omar Betz*
Na'eem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

Date: August 28th, 2020

NA'EEM BETZ
4244 HILDRETH ST.SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

NA'EEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003-9998

**XII**.                    <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 28th day of August 2020, I filed the foregoing by CM/ECF System for District Court for the District of Columbia which will then send a notification of such filing. I further state under oath that I caused the forgoing, to be served on the parties listed below by United States Postal Service postage prepaid as a courtesy, on the following:

I certify that a copy of the Verified Complaint will be served upon the Defendant(s) registered agent, below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

**PRESS GANEY ASSOCIATES LLC**.
404 COLUMBIA PLACE
SOUTH BEND, INDIANA, 46601
                              *Defendant(s)*

**ORIGINAL VERIFIED COMPLAINT**
**~ 20 ~**

1

**PRESS GANEY ASSOCIATES LLC.**
c/o CORPORATION SERVICE COMPANY

2

1090 VERMONT AVENUE NW

3

WASHINGTON, D.C. 20005

4

*Registered Agent to be noticed for Defendant*

5

6

7

8

Date: August 28th, 2020

*Na'eem Omar Betz*
Na`eem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL VERIFIED COMPLAINT**
**~ 21 ~**

# EXHIBIT A



FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

_ck to ftc._

More Information | Privacy & Security | Home



# National Do Not Call Registry

En Español



Report Unwanted Calls



Verify Your Registration



Register Your Phone

## The National Do Not Call Registry
### gives you a choice about whether to receive telemarketing calls

- You can **register** your home or mobile phone for **free.**

- After you register, **other types of organizations may still call you**, such as charities, political groups, debt collectors and surveys. To learn more, read our **FAQs**.

- If you received an unwanted call after your number was on the National Registry for 31 days, **report it to the FTC**.

**Sellers and telemarketers:**
Go to **https://telemarketing.donotcall.gov** to access the National Do Not Call Registry.

Back to Images | Privacy Policy

9/18/2017                                    National Do Not Call Registry



Back to ftc.



More Information | Privacy & Security | Home

 **National Do Not Call Registry**          En Español

**VERIFY YOUR REGISTRATION** 

You can verify if and when your phone number was registered.

Follow the verification steps below.

1. Enter up to three phone numbers and your email address. Click Submit
2. Check whether the information is correct.
3. Receive an email with the verification information.

### STEP 1 OF 3

|  |  |
|---|---|
| Phone Number: | 2027068063 |
| *Please enter only numbers in Phone Number field.* | 2027068063 |
|  | 2027068063 |
| Email Address: | nobetzo@gmail.com |

SUBMIT

Your email address MUST be correct to process your verification. Learn why your email address is required. If you do not receive the verification email within a few minutes, please check your spam filter or junk email folder.

Please enter only numbers in Phone Number field.

Back to ftc.gov | Privacy Policy



Back to ftc.

More Information | Privacy & Security | Home


## National Do Not Call Registry

En Español



**VERIFY YOUR REGISTRATION**

### STEP 2 OF 3

## Make Sure Your Information is Correct

Please check your phone number(s) and email address below. If they are correct, click Verify to continue. To make a correction, click Change.

Your email address MUST be correct to verify your registration.

| | |
|---|---|
| Phone Number: | **2027068063** |
| | **2027068063** |
| | **2027068063** |
| Email Address: | **nobetzo@gmail.com** |

VERIFY          CHANGE

Back to Source | Privacy Policy

9/18/2017                                    National Do Not Call Registry



FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

Back to ftc.



More Information | Privacy & Security | Home



**National Do Not Call Registry**

En Español

**VERIFY YOUR REGISTRATION**



## STEP 3 OF 3

## Receive an Email

You should receive an email from Verify@donotcall.gov within a few minutes.

If your phone number is registered, the email will tell you the date of registration. If your phone number is not registered and you want it to be, use this Web site.

You can close this browser window when completing the verification process.

9/18/2017             Gmail - National Do Not Call Registry - Your Registration Is Confirmed

 **Gmail**

**N B <nobetzo@gmail.com>**

## National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: nobetzo@gmail.com

Mon, Sep 18, 2017 at 6:45 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 8063 on April 22, 2012. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT B

10:29

Incoming call

# Survey Call

+1 574-309-9553

Send message

10:29

Incoming call

# Survey Call

Indiana

Send message







9:43

Incoming call

# Survey Call

+1 574-309-9553

Jul 10

Most recent call





Send message

9:43

Incoming call

# Survey Call

Indiana

Jul 10

Most recent call





Send message





# EXHIBIT C



**Federal
Communications
Commission**

Home / For Consumers /

# Stop Unwanted Calls, Texts and Faxes

Español (/consumers/guides/evite-llamadas-textos-y-faxes-no-solicitados)

Under the Telephone Consumer Protection Act, the Federal Communications Commission plays a crucial role in helping consumers stop unwanted calls, text messages and faxes. FCC rules address unsolicited telephone marketing calls – including those using automated and prerecorded messages.

FCC rules under TCPA:

- Require anyone making a telephone solicitation call to your home to provide his or her name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity can be contacted.
- Prohibit telephone solicitation calls to your home before 8 am or after 9 pm.
- Require telemarketers to comply immediately with any do-not-call request you make during a call.

Click the tabs below for more information and FAQs.

Robocalls        Do Not Call List        Spam        Junk Faxes        File a Complaint

## Robocalls

Robocalls are unsolicited prerecorded telemarketing calls to landline home telephones, and all autodialed or prerecorded calls or text messages to wireless numbers, emergency numbers, and patient rooms at health care facilities. Under the Telephone Consumer Protection Act, FCC rules limit many types of robocalls, though some calls are permissible if prior consent is given. Rules differ between landline and wireless phones.

**Rules on Robocalls and Robotexts**

**Take Action: What You Can Do**

## Frequently Asked Questions

### Know your rights: the rules on robocalls and robotexts

- Telemarketing calls can be stopped by consumers through the Do Not Call registry (http://www.donotcall.gov) which protects both landline and wireless phones.
- All non-emergency robocalls, both telemarketing and informational, require a consumer's permission to be made to a wireless phone. These calls can include political, polling, and other non-telemarketing robocalls.
- Robocalls either use a technology with the capacity to autodial or utilize a pre-recorded or artificial voice.
- Calls and text messages have the same protection under FCC rules.
- Phone companies face no legal barriers to offering consumers the use of technologies that block robocalls to any phone. The FCC encouraged the companies to offer this resource.
- Consumers can take back their permission to be called or texted in any reasonable way. A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.
- An existing commercial relationship does not constitute permission to be robocalled or texted.
- Consent to be called or texted cannot be a condition of a sale or other commercial transaction.
- Callers are allowed to call a wrong number only once before updating their list. This most commonly comes up when one person consented to be called or texted but then they gave up that number and it was reassigned to someone else. Callers have resources available to them to help them know ahead of time if a number's "owner" has changed.
- Urgent calls or texts specifically for health or fraud alerts may be allowed without prior consent. They must be free, and consumers can say "stop" at any time.
- Congress gave consumers a private right of action against callers that violate the TCPA. The Commission has also enforces the rules proactively, often stemming from consumer complaints.

Back to Top

### Take action: what you can do

- Ask your phone company to offer robocall-blocking technology for which the FCC has now given the legal approval.

- Register your number on the Do Not Call list in order to block telemarketing calls: www.donotcall.gov (http://www.donotcall.gov)
- If you use robocall-blocking technology already, it often helps to let that company know which numbers are producing unwanted calls so they can help block those calls for you and others.
- Tell unwanted callers that you do not consent to the call, make a record of the number and when you made your request not to be called, and let us know.
- Wireless and landline home phones are protected against telemarketing robocalls made without prior *written* consent from the recipient.
- Congress also explicitly empowered consumers to choose to take legal action.

Back to Top

### FAQs

### What are the rules for robocalls?

FCC rules require a business to obtain your written consent – on paper or through electronic means, including website forms, a telephone keypress – or a recording of your oral consent before it may make a prerecorded telemarketing call to your residential phone number or make an autodialed or prerecorded telemarketing call or text to your wireless number.

### What are the consent requirements for telemarketers calling my landline?

Businesses must have your prior express written consent before making telemarketing robocalls. Telemarketers are no longer able to make telemarketing robocalls to your landline home telephone based solely on an "established business relationship" that you may have established when purchasing something from a business or contacting the business to ask questions.

### Are robocalls to wireless phones permissible?

Your written or oral consent is required for ALL autodialed or prerecorded calls or texts made to your wireless number. Telemarketers have never been permitted to make robocalls to your wireless phone based solely on an "established business relationship" with you.

### Do all prerecorded autodialed calls to my landline violate FCC rules?

Not always. Informational messages such as school closings or flight information are permissible without prior written consent.

### What other autodialed calls are permitted under FCC robocall rules?

Market research or polling calls to residential wireline numbers are not restricted by FCC rules, nor are calls on behalf of tax-exempt non-profit groups. The rules do require all prerecorded calls, including market research or polling calls, to identify the caller at the beginning of the message and include a contact phone number. All autodialed or prerecorded non-emergency calls to wireless phones are prohibited without prior expressed consent, regardless of the call's content.

## Can I opt out of autodialed calls?

FCC rules require telemarketers to allow you to opt out of receiving additional telemarketing robocalls immediately during a prerecorded telemarketing call through an automated menu. The opt-out mechanism must be announced at the outset of the message and must be available throughout the duration of the call.

## How can schools get more information about compliance?

For schools who have questions about compliance with the Commission's robocalls rules, please contact Richard.Smith@fcc.gov (mailto:Richard.Smith@fcc.gov)

Back to Top

Next »

To request this article in an accessible format - braille, large print, Word or text document or audio - write or call us at the address or phone number above, or send an email to fcc504@fcc.gov (mailto:fcc504@fcc.gov).

**Date Last Updated/Reviewed:**
Tuesday, August 16, 2016

**Bureau/Office:**
Consumer and Governmental Affairs (https://www.fcc.gov/consumer-governmental-affairs)
**Tags:**
Consumers (/tags/consumers) - Do-not-call (/tags/do-not-call-0) - Junk Faxes (/tags/junk-faxes-0) - Robocall (/tags/robocall) - Telephone Consumer Issues (/tags/telephone-consumer-issues) - Telephone Consumer Protection Act (TCPA) (/tags/telephone-consumer-protection-act-tcpa)

9/20/2016                    Rules and Resources for Dealing with Unwanted Calls and Texts – FCC Complaints

FCC Home    Help Center Home

Sign in    Check Status

# Consumer Help Center

Phone

## Rules and Resources for Dealing with Unwanted Calls and Texts

**File a Complaint**

The Federal Communications Commission plays a crucial role in helping consumers stop unwanted calls and text messages.  Under the Telephone Consumer Protection Act, the FCC provides clarity on the law, sets rules, takes enforcement actions, and provides resources for consumers.

### Know Your Rights: The Rules on Robocalls and Robotexts

- Telemarketing calls can be stopped by consumers through the Do Not Call registry which protects both landline and wireless phones.
- All non-emergency robocalls, both telemarketing and informational, require a consumer's permission to be made to a wireless phone.  These calls can include political, polling, and other non-telemarketing robocalls.
- Robocalls either use a technology with the capacity to autodial or utilize a pre-recorded or artificial voice.
- Calls and text messages have the same protection under FCC rules.
- Phone companies face no legal barriers to offering consumers the use of technologies that block robocalls to any phone.  The FCC encouraged the companies to offer this resource.
- Consumers can take back their permission to be called or texted in any reasonable way.  A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.
- An existing commercial relationship does not constitute permission to be robocalled or texted.
- Consent to be called or texted cannot be a condition of a sale or other commercial transaction.
- Callers are allowed to call a wrong number only once before updating their list.  This most commonly comes up when one person consented to be called or texted but then they gave up that number and it was reassigned to someone else.  Callers have resources available to them to help them know ahead of time if a number's "owner" has changed.

- Congress gave consumers a private right of action against callers that violate the TCPA.  The Commission has also enforces the rules proactively, often stemming from consumer complaints.

## Take Action: Consumer Resources

- Ask your phone company to offer robocall-blocking technology for which the FCC has now given the legal approval.
- Register your number on the Do Not Call list in order to block telemarketing calls: www.donotcall.gov
- If you use robocall-blocking technology already, it often helps to let that company know which numbers are producing unwanted calls so they can help block those calls for you and others.
- Tell unwanted callers that you do not consent to the call, make a record of the number and when you made your request not to be called, and let us know.
- Wireless and landline home phones are protected against telemarketing robocalls made without prior *written* consent from the recipient.
- Congress also explicitly empowered consumers to choose to take legal action.

## Filing a complaint

Consumers can file complaints with the FCC. Consumer complaints to the FCC are used as an important resource in our analysis of trends, in possible investigations, and in guiding enforcement efforts.

- File a complaint online
- By phone: 1-888-CALL-FCC (1-888-225-5322); TTY: 1-888-TELL-FCC (1-888-835-5322); ASL Videophone: 1-844-432-2275
- By mail (please include your name, address, contact information and as much detail about your complaint as possible):
  Federal Communications Commission
  Consumer and Governmental Affairs Bureau
  Consumer Inquiries and Complaints Division
  445 12th Street, S.W.
  Washington, DC 20554

### More information for schools

For schools who have questions about compliance with the Commission's robocalls rules, please contact Richard.Smith@fcc.gov.

### Accessible formats

FCC Home    Help Center Home

**Download a printable version of this guide**

- robocalls-06-18-15.pdf (100 KB)

  Search the Help Center                                    Search

# Related articles

Unwanted Telemarketing Calls and the National Do-Not-Call List

Spoofing and Caller ID

Filing a Complaint Questions and Answers

Rules and Resources for Dealing with Unwanted Texts and Calls

Data on Unwanted Calls

*Federal Communications Commission*
*445 12th Street SW*
*Washington, DC 20554*

Phone: 1-888-225-5322
TTY: 1-888-835-5322
Videophone: 1-844-432-2275
Fax: 1-866-418-0232
Contact Us
Privacy Policy
Moderation Policy
Website Policies & Notices
Browser Compatibility
FOIA
No Fear Act Data
FCC Digital Strategy
Open Government Directive
Plain Writing Act
2009 Recovery and Reinvestment Act
RSS Feeds & Email Updates
Disability Rights

Powered by Zendesk